IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DENNIS MAYO and LORI MAYO as
father and mother and personal representatives
of HUNTER MAYO, a deceased minor                                        PLAINTIFFS

vs.                                                                      No. 1:04CV370-D-D

GENERAL MOTORS CORPORATION;
COURTESY CHEVROLET-BUICK, INC.; et al.                                  DEFENDANTS

OPINION DENYING MOTION TO REMAND

Presently before the court is the Plaintiffs' motion to remand this matter to the Circuit Court of Prentiss County, Mississippi. Upon due consideration, the court finds that the motion should be denied because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

*A. Factual Background*

On March 2, 2004, the Decedent Hunter Mayo was a passenger in a 1998 Chevrolet Blazer when he was involved in a fatal single vehicle accident. The subject vehicle was manufactured by the Defendant General Motors Corporation and originally sold by the Defendant Courtesy Chevrolet-Buick, Inc. The Plaintiffs filed this wrongful death action in the Circuit Court of Prentiss County, Mississippi, on August 31, 2004, asserting various products liability and negligence claims against both General Motors and Courtesy Chevrolet-Buick and seeking to recover compensatory and punitive damages. The Defendants removed the action to this court on November 24, 2004, on the basis of diversity jurisdiction, alleging that the in-state Defendant Courtesy Chevrolet-Buick has been fraudulently joined by the Plaintiffs in order to defeat diversity. The Plaintiffs subsequently motioned the court to remand this matter to state court.

### B. *Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). In the case *sub judice*, there is no dispute that the amount in controversy exceeds $75,000. The Plaintiffs, however, assert that the court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

Here, the Plaintiffs and the Defendant Courtesy Chevrolet-Buick are indisputably citizens of the State of Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Plaintiffs fraudulently joined Courtesy Chevrolet-Buick in order to defeat diversity. Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). But, if the court finds that Courtesy Chevrolet-Buick has not been fraudulently joined, then federal diversity jurisdiction is lacking, and the court must remand this matter to state court. See Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (federal diversity jurisdiction exists only if no plaintiff is citizen of same state as any defendant); Wright v. Combined Ins. Co. of America, 959 F. Supp. 356, 361 (N.D. Miss. 1997).

The party alleging fraudulent joinder bears the burden of persuasion, and that burden is quite

stringent. See Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been fraudulently joined by a plaintiff hoping to defeat federal diversity jurisdiction, the removing party must demonstrate either actual fraud in the pleading of jurisdictional facts, or the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

The Defendants here do not allege outright fraud, so the court must determine whether "there is any reasonable basis for predicting that [the Plaintiffs] might be able to establish [the non-diverse individual Defendant's] liability on the pleaded claims in state court." Travis, 326 F.3d at 647. In making this determination, the court evaluates all of the factual allegations in the Plaintiffs' pleadings in the light most favorable to the Plaintiffs, and the court examines relevant state law and resolves all uncertainties in favor of the Plaintiffs. Hart, 199 F.3d at 246.

Likewise, in evaluating a claim of fraudulent joinder, the court does not focus on whether the Plaintiffs will prevail on the merits of their claims. Instead, the court simply determines whether there is a reasonable possibility that the Plaintiffs will be able to state a claim against the allegedly fraudulently joined Defendant. Rodriguez, 120 F.3d at 591; see also B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. Unit A 1981) (holding that, to successfully move for remand, plaintiff's burden is "much lighter" than that required to survive motion for summary judgment; instead, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for case to be remanded). Further, it is axiomatic that federal courts are to construe removal statutes "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109,

61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

As set forth below, the court finds that the Defendants have established that there is no possibility that the Plaintiffs will be able to state a claim against Courtesy Chevrolet-Buick in state court. Accordingly, federal jurisdiction is present, and the Plaintiffs' motion to remand shall be denied.

*C. Discussion*

1. General Principles

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings. Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). In the case at bar, the Plaintiffs allege in very general terms that the Defendant Courtesy Chevrolet-Buick is liable for failure to warn of the vehicle's defective condition. See Complaint, para. 33, 39, 47, 52.[1]

Under Mississippi law at the time this suit was filed, the manufacturer or seller of a product could be held liable for damages caused by that product if the product was designed in a defective manner, deviated in a material way from the manufacturer's specifications, failed to contain adequate warnings or instructions to the consumer, or was sold in a defective condition unreasonably dangerous to the consumer or to his property. See Miss. Code Ann. § 11-1-63; Scordino v. Hopeman Bros., Inc., 662 So.2d 640, 642-43 (Miss. 1995); O'Flynn v. Owens-Corning Fiberglas, 759 So.2d

---

[1] The Plaintiffs' sole allegations concerning Courtesy Chevrolet-Buick allege that "the Defendants knew or should have known about the danger of their product and that the ordinary user or consumer would not realize its dangerous condition," and that this failure constitutes negligence, failure to warn, gross negligence, and justifies the imposition of punitive damages. See Complaint at para. 33, 39, 47, 52.

4

526, 530-31 (Miss. Ct. App. 2000).[2]

In reviewing the pleadings to determine whether there is a possibility that a state court would find a cause of action stated on the facts alleged by a plaintiff, it is axiomatic that where a plaintiff's complaint is devoid of any factual allegations suggesting a basis for recovery against a particular defendant, there can be no ground for concluding that a claim has been stated. See, e.g., Henley v. Pioneer Credit Co., No. 1:01CV349-D-D, 2002 WL 1013110, at *3 (N.D. Miss. April 10, 2002); Addison v. Allstate Ins. Co., 58 F. Supp. 2d 729, 732 (S.D. Miss. 1999). Failure to specify a factual basis for recovery against a nondiverse party, therefore, constitutes a fraudulent joinder of that party. Addison, 58 F. Supp. 2d at 732.

2. The Plaintiffs' Allegations

Here, as noted above, the Plaintiffs merely allege in very general and conclusory terms that Courtesy Chevrolet-Buick was negligent in failing to warn of potential dangers present in the subject vehicle. There are no specific factual allegations in the complaint concerning the nature or extent of Courtesy Chevrolet-Buick's knowledge of the defects at issue. Instead, as previously noted, in the sections of the complaint concerning Courtesy Chevrolet-Buick's potential liability, the Plaintiffs merely use boilerplate language that implicates Courtesy Chevrolet-Buick in a very general manner.

---

[2] The parties argue over the applicability of Miss. Code Ann. § 11-1-64 to the facts of this case. At the time this suit was filed, Section 11-1-64 provided for the dismissal of products liability defendants whose liability was based *solely* on their status as sellers in the stream of commerce. Section 11-1-63, however, as it read at the time this suit was filed, provided for the imposition of liability on both sellers and manufacturers if they were negligent. Upon review of the subject statutes, the court finds that Section 11-1-64's dismissal provisions do not apply to the facts of the case *sub judice*; rather, Section 11-1-63, in its pre-September 1, 2004, incarnation, applies because Courtesy Chevrolet-Buick's potential liability is not based *solely* on its *status* as a seller of a defective product, but rather is based on its own, independent, purported negligent conduct as alleged in paragraphs 33, 39, 47, and 52 of the Plaintiffs' complaint.

5

See Complaint at para. 33, 39, 47, 52. As the court has already noted, hypothetical allegations of this sort are plainly deficient. See, e.g., Addison, 58 F. Supp. 2d at 732-33.

Accordingly, without a factual basis for concluding that Courtesy Chevrolet-Buick engaged in tortious conduct, the court finds that the Plaintiffs have no possibility of establishing a cause of action against Courtesy Chevrolet-Buick in state court, and that it therefore has been fraudulently joined to defeat diversity. See, e.g., Addison, 58 F. Supp. 2d at 733 (denying motion to remand where, "other than a bare allegation, plaintiffs have factually alleged nothing" that would satisfy required elements of claim against resident defendants); Christmon v. Allstate Ins. Co., 57 F. Supp. 2d 380, 382 (S.D. Miss. 1999).

3. Dismissal of Plaintiffs' Claims Against Courtesy Chevrolet-Buick

Having determined that Courtesy Chevrolet-Buick was fraudulently joined, the court has little trouble also concluding that the claims against it should be dismissed. The standards to be applied for a fraudulent joinder claim and for dismissal for failure to state a claim are virtually identical. Addison, 58 F. Supp. 2d at 733-34; Christmon, 57 F. Supp. 2d at 382. Dismissal should be granted if the court finds that the Plaintiffs can prove no set of facts in support of their claims that would entitle them to the relief they seek. Rubinstein v. Collins, 20 F.3d 160, 166 (5th Cir. 1994). Stated another way, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. See Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In addition, as is the case with a fraudulent joinder claim, to avoid dismissal for failure to state a claim, a plaintiff "must plead specific facts, not mere conclusory allegations." Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). The court will not accept as true any conclusory allegations or unwarranted deductions of fact. See Fernandez-Montes v. Allied Pilots Ass'n, 987

6

F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

As already discussed, the Plaintiffs have merely alleged, in vague and conclusory fashion, that Courtesy Chevrolet-Buick engaged in tortious conduct. The Plaintiffs have failed, however, to adequately plead any facts sufficient to potentially state a claim against Courtesy Chevrolet-Buick. The court finds, therefore, that the claims against Courtesy Chevrolet-Buick should be dismissed.

*D. Conclusion*

In sum, because the Defendant Courtesy Chevrolet-Buick was fraudulently joined to defeat diversity, and because the amount in controversy requirement has been satisfied, the court finds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists. The matter in controversy exceeds the sum of $75,000, and is between citizens of different states. As such, this court possesses subject matter jurisdiction to adjudicate this cause and the Plaintiffs' motion to remand shall be denied. In addition, the Plaintiffs' claims against Courtesy Chevrolet-Buick shall be dismissed without prejudice.

A separate order in accordance with this opinion shall issue this day.

This the 5th day of August 2005.

/s/ Glen H. Davidson
Chief Judge